UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST OF ILLINOIS III, INC; COMCAST CORPORATION; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC., <br><br> Defendants. <br><br> COMCAST OF ILLINOIS III, INC; COMCAST CORPORATION; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC., <br><br> Counterclaimants, <br><br> v. <br><br> ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS, <br><br> Counterdefendant, <br><br> and AT&T Inc., <br><br> Third-party Defendant. | **Case No.: 08 CV 1680** <br><br> **Honorable Elaine E. Bucklo** <br><br> **Magistrate Judge Martin C. Ashman** |

## [PROPOSED] ORDER

The Motion for Temporary Restraining Order brought by Comcast of Illinois III, Inc., Comcast Corporation, Comcast Cable Holdings LLC, and Comcast of Chicago, Inc. (collectively, "Comcast") came on for hearing before this Court, on notice, on April 21, 2008.

Having heard argument and having considered the materials submitted in support of the motion, it appears to the satisfaction of the Court that this is a proper case for issuance, pursuant to Federal Rule of Civil Procedure 65 and the relevant case law, of a temporary restraining order as plaintiff will likely succeed on the merits and unless a temporary restraining order as prayed for issues before a hearing of a Motion for Preliminary Injunction, Comcast will suffer immediate and irreparable injury.

THE COURT HEREBY ORDERS THAT Comcast's motion is GRANTED and that, pending a hearing on a Motion for Preliminary Injunction, Illinois Bell Telephone, d/b/a AT&T Illinois and its officers, employees, directors, agents, servants, representatives, successors, and assigns, and all persons, firms, and corporations in active concert or participation with any of the aforementioned persons (collectively "AT&T"), be temporarily enjoined from introducing its own electronic information into Comcast's cable infrastructure and otherwise trespassing on Comcast's property; and it is further:

ORDERED, that, in order to effectuate this Order, AT&T:

a) will determine, prior to installation of U-Verse TV system, whether any potential or current U-Verse TV system customer is also currently connected to the Comcast cable infrastructure;

b) before it installs the U-Verse TV system into a location that is currently connected to the Comcast cable infrastructure, will contact and inform Comcast through a designated telephone number to be provided by Comcast of the address of that location;

c) AT&T will maintain a dedicated telephone line, staffed 24-hours a day, seven-days a week, where Comcast may report any service disruptions or

     outages caused by AT&T's installation of its U-Verse TV system by calling and identifying the address of the effected location(s);

  d) AT&T will, upon receiving a call from Comcast regarding a service disruption or outage caused by AT&T's installation of its U-Verse TV system, immediately cease installation, and, if necessary, disconnect its facilities, until the source of the disruption or outage is determined, corrected, and appropriately addressed to prevent a recurrence of the disruption or outage; and

  e) provide written confirmation within 1 hour of contact by Comcast to Comcast via the email address Chicago_lmc@cable.comcast.com of the actions taken pursuant to this Order to address the service disruption or outage and certifying that the disruption or outage has been corrected.

  THE COURT FURTHER ORDER THAT, Comcast will only maintain the information provided by AT&T pursuant to paragraph b above for so long as necessary to effective the purposes of this Order, and will in no event use any such information for marketing or other competitive business purposes.

**IT IS SO ORDERED.**

Dated: _____, 2008      _____
                  UNITED STATES DISTRICT COURT JUDGE