# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS, <br><br> Plaintiff, <br><br> v. <br><br> COMCAST OF ILLINOIS III, INC., COMCAST CORPORATION, COMCAST CABLE HOLDINGS, LLC, and COMCAST OF CHICAGO, INC. <br><br> Defendants. | Case No.: 08-CV-1680 <br><br> Honorable Elaine E. Bucklo <br><br> Magistrate Judge Martin C. Ashman <br><br> JURY TRIAL DEMANDED |
| COMCAST OF ILLINOIS III, INC., COMCAST CORPORATION, COMCAST CABLE HOLDINGS, LLC, and COMCAST OF CHICAGO, INC. <br><br> v. <br><br> ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS, <br><br> Counterdefendant, <br><br> and <br><br> AT&T, INC., <br><br> Third-party Defendant. | |

## AT&T ILLINOIS' EMERGENCY AGREED MOTION FOR
## LEAVE TO FILE REPLY BRIEF AND TO SEAL REPLY BRIEF

Plaintiff ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS ("AT&T Illinois"), by and through its attorneys, files this Emergency Agreed Motion for Leave to File Reply Brief and to Seal Reply Brief, and in support thereof, states as follows:

1.   The subject of this lawsuit is a false and disparaging multi-media advertising campaign that Defendants Comcast of Illinois, III, Inc., Comcast Corporation, Comcast Cable

-1-

Holdings, LLC and Comcast of Chicago, Inc. (collectively, "Comcast") deliberately targeted at AT&T Illinois. AT&T Illinois' Amended Complaint specifically identifies four different advertisements that Comcast created that are false and disparaging to AT&T Illinois.

2. After filing its Amended Complaint, AT&T Illinois filed a Motion for Preliminary Injunction. On April 17, 2008, this Court set a briefing schedule on AT&T Illinois' Motion for Preliminary Injunction, requiring Comcast to file a response to the motion on May 9, 2008. The order also set a status conference for this case for May 13, 2008, but the order did not specifically provide an opportunity for AT&T Illinois to file a reply brief. Oral argument on AT&T Illinois' Motion for Preliminary Injunction may be scheduled for as early as May 14, 2008.

3. This court also permitted both parties to conduct discovery on an expedited basis, including limited written discovery and depositions. Accordingly, both Comcast and AT&T issued interrogatories, document requests, and third-party document subpoenas, and each party took depositions.

4. Following a motion to compel by AT&T Illinois, Comcast produced certain advertisements relating to VRADs that Comcast had created but not yet disseminated. E-mails and other documents reflecting Comcast's intent behind the campaign were also produced. As set forth in AT&T Illinois' proposed Reply, these advertisements and other associated documents show that Comcast intentionally created false advertisements as part of its "Anti-AT&T" advertising campaign – a campaign that was planned to be far more extensive than the four broadcast/published advertisements that were specifically identified in AT&T Illinois' Amended Complaint. Comcast had planned and developed numerous other advertising

executions in a variety of media focusing on AT&T Illinois' VRADs, many of which were just as false as the ads that aired.

5. Submission of a reply brief under seal will also potentially expedite oral argument on AT&T Illinois' Motion for Preliminary Injunction, as the Court will have the opportunity to review the newly discovered information prior to any hearing on the matter. All of this newly discovered information has been previously available to Comcast. The new documents referenced in the proposed reply brief were all produced by Comcast during the expedited discovery, and the other evidence referenced in the proposed reply brief comes in the form of testimony elicited during the depositions each party took during the expedited discovery period. AT&T Illinois will *not* attach any new, substantive declaration or affidavit testimony to the proposed reply brief.

6. AT&T Illinois also requests the Court's permission to file a reply brief so that AT&T Illinois may respond to new arguments and defenses raised by Comcast in its Opposition to AT&T Illinois' Motion for Preliminary Injunction. Comcast submitted a great deal of evidence with its Opposition, much of which it had not previously produced to AT&T Illinois despite the fact that most if not all of it was directly responsive to written discovery requests appropriately served upon Comcast by AT&T Illinois. Comcast also raised new legal and factual arguments in its Opposition, which AT&T Illinois will clarify and/or rebut in the proposed reply brief.

7. For these reasons, AT&T Illinois requests the opportunity prior to oral argument to file a reply in further support of its Motion for Preliminary Injunction to address these issues and provide the Court with further evidence. A true and correct copy of AT&T Illinois'

proposed Reply Brief, the Declaration of Christopher A. Cole, Esq. in support thereof, and all Exhibits in support of the same are filed concurrently herewith in a sealed envelope.

8.      When Comcast filed its response brief, it filed it under seal pursuant to an Agreed Motion to Seal Confidential Information. Because AT&T's reply brief contains confidential and proprietary business information, AT&T Illinois also requests leave to file its reply brief under seal.

9.      To facilitate discovery of relevant evidence without unduly compromising confidential business and trade secrets, including business strategy, the parties have tentatively agreed to an oral protective order whereby each party may designate certain documents and/or testimony as "Confidential" or "Highly Confidential." The proposed protective order, the details of which are still being negotiated by the parties, restricts access to these categories of documents. Although the parties have not yet agreed upon a formal, written protective order, all parties have agreed to maintain the confidentiality of information produced during the expedited discovery process identified by the other party as "Confidential" and "Highly Confidential."

10.     The latest version of the Confidentiality Stipulation and Protective Order prohibits the public filing of documents or materials designated as "Confidential" and "Highly Confidential" except under seal.

11.     The Parties have not disclosed publicly, and consider to be confidential, the "Confidential" and "Highly Confidential" information contained in the materials so marked.

12.     AT&T Illinois' proposed reply brief references and attaches numerous documents designated by Comcast as "Highly Confidential," including internal Comcast correspondence discussing the purpose and details of its extensive VRAD ad campaign, as well as drafts, scripts, and other planning documents relating to the numerous different ads. AT&T Illinois' proposed


reply brief also contains substantial excerpts from the deposition testimony of Kerry McKelvey, Comcast's Vice President of Marketing and Sales for the Midwest Division and Comcast's designated Rule 30(b)(6) deponent, also designated by Comcast as "Highly Confidential." Thus, AT&T Illinois seeks to file this proposed reply brief under seal, not to protect AT&T Illinois' proprietary business information, but rather to protect the proprietary business information of its competitor and litigation opponent, Comcast.

13.   Local Rule 26.2 permits this Court to enter an order directing that one or more documents be restricted upon a showing of "good cause." Rule 26(c) of the Federal Rules of Civil Procedure further provides that for good cause shown, this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Establishing "good cause" requires "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Silva v. Fortis Benefits Ins. Co.,* 437 F. Supp. 2d 819, 827 (N.D. Ill. 2006).

14.   Because the Reply contains purportedly highly sensitive and proprietary information, AT&T Illinois maintains that good cause exists to seal the reply brief.

15.   Pursuant to this Court's standing orders, counsel for AT&T Illinois conferred with counsel for Comcast regarding the relief requested herein. Counsel for Comcast indicated that Comcast consents to the relief requested herein.

16.   The emergency nature of this motion is because Comcast filed its reply on May 9, 2008, and in order for the reply to be considered prior to or in conjunction with the oral argument scheduled for May 14, 2008, there is insufficient time to secure this Court's leave to file the reply and to file the reply under seal, warranting the designation of this motion as an emergency one to be presented at the already-set status conference on May 13th.

WHEREFORE, AT&T Illinois respectfully requests that this Court grant its motion for leave to file a reply brief *instanter,* find good cause exists to permit the reply to be filed under seal, grant its motion to seal reply brief, and grant such other and further relief as is just and appropriate.

DATED:  May 12, 2008

Respectfully submitted,

ILLINOIS BELL TELEPHONE, D/B/A AT&T ILLINOIS

By: /s/ James D. Wilson

Brian L. Crowe (ARDC #0549584)
bcrowe@shefskylaw.com
James D. Wilson (ARDC #3033643)
jwilson@shefskylaw.com
John F. Kennedy (ARDC #6196185)
jkennedy@shefskylaw.com
Lynn A. Ellenberger (ARDC #6244188)
lellenberger@shefskylaw.com
SHEFSKY & FROELICH LTD.
111 E. Wacker Drive, Suite 2800
Chicago, IL  60601
Telephone:  (312) 527-4000
Facsimile:   (312) 527-4011

and

Christopher A. Cole
ccole@manatt.com
Christopher T. Koegel
ckoegel@manatt.com
Manatt, Phelps, & Phillips, LLP
700 12th Street, N.W., Suite 1100
Washington, D.C.  20005
Telephone:  (202) 585-6500
Facsimile:   (202) 585-6600

30208663.1