IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS,<br><br>    Plaintiff,<br><br>  v.<br><br>COMCAST OF ILLINOIS III, INC.; COMCAST CORP.; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC.,<br><br>    Defendants.<br><br>COMCAST OF ILLINOIS III, INC.; COMCAST CORP.; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC.,<br><br>    Counterclaimants,<br><br>  v.<br><br>ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS,<br><br>    Counterdefendant,<br><br>and AT&T, INC.,<br><br>    Third-party Defendant. | Case No: 08 CV 1680<br><br>Honorable Elaine E. Bucklo<br><br>Magistrate Judge Martin C. Ashman |

**ILLINOIS BELL TELEPHONE COMPANY'S MOTION TO RECONSIDER THE COURT'S DENIAL OF ITS MOTION TO DISMISS COMCAST'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND LACK OF FEDERAL SUBJECT MATTER JURISDICTION**

Plaintiff and Counterdefendant Illinois Bell Telephone Company, d/b/a AT&T Illinois ("Illinois Bell"), by its attorneys, Mayer Brown, LLP, submits this motion to reconsider the denial of its motion to dismiss Counts I, II, III, and IV of the Counterclaims and Third-party

1

Complaint by Defendants and Counterplaintiffs Comcast Illinois III, Inc., Comcast Corp., Comcast Holdings LLC, and Comcast of Chicago, Inc. (collectively, "Comcast").

This Court erred in finding that "intercept" as used in the Cable Communications Policy Act, 47 U.S.C. § 553(a)(1), is synonymous with "interrupt." The ordinary meaning of "intercept" in a piece of communications legislation requires, among other things, acquisition of the object of interception, not merely disruption. To the extent that Comcast rejects the ordinary meaning of "intercept" in context, it also ignores the ambiguity of the competing connotations of "intercept" in the word's dictionary definition. This ambiguity can be resolved appropriately by resort to the legislative history that plainly limits § 553(a)(1) to the various forms of willful and nonwillful cable theft.

The Court's error of law will have far-reaching and unintended consequences both for this litigation and beyond. The Court, however, has the authority to rectify its ruling and in doing so should dismiss Count I of Comcast's Counterclaims and Third-party Complaint for failure to state a federal cause of action. The Court will also have to revisit the issue of supplemental jurisdiction that it did not decide in its prior ruling.

In support of its motion, Illinois Bell also submits a memorandum of law which is incorporated herein by reference.

For the reasons set forth here and in Illinois Bell's memorandum, Plaintiff and Counterdefendant respectfully requests that this Court reconsider its May 7, 2008 Order and grant Illinois Bell's motion to dismiss Counts I, II, III, IV with prejudice.

Dated: May 12, 2008　　　　　　　　　　　　Respectfully Submitted

　　　　　　　　　　　　　　　　　　　　　ILLINOIS BELL TELEPHONE COMPANY

2

9173849

/s/ Ranjit J. Hakim

Michael J. Gill
Ranjit Hakim
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
(312) 701-7711 – Facsimile
mgill@mayerbrown.com
rhakim@mayerbrown.com

3

9173849

## **CERTIFICATE OF SERVICE**

      I, Ranjit Hakim, an attorney, hereby certify that on May 12, 2008, a copy of the foregoing NOTICE OF MOTION was served via email and the Court's CM/ECF system upon all counsel listed below.

                                    /s/ Ranjit J. Hakim
                                    Ranjit Hakim

Thomas P. Jirgal
Douglas N. Masters
Julie P. Samuels
Loeb & Loeb LLP
321 N. Clark Street
Suite 2300
Chicago, IL 60610

9173849