IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST OF ILLINOIS III, INC.; COMCAST CORP.; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC.,<br><br>Defendants.<br><br>COMCAST OF ILLINOIS III, INC.; COMCAST CORP.; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC.,<br><br>Counterclaimants,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS,<br><br>Counterdefendant,<br><br>and AT&T, INC.,<br><br>Third-party Defendant. | Case No: 08 CV 1680<br><br>Honorable Elaine E. Bucklo<br><br>Magistrate Judge Martin C. Ashman |

## AT&T INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Third-party Defendant AT&T Inc. ("AT&T Inc."), by its attorneys, Mayer Brown, LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(2), hereby moves this Court to dismiss the Counterclaims and Third-party Complaint ("Complaint") by Defendants and Counterplaintiffs Comcast Illinois III, Inc., Comcast Corp., Comcast Holdings LLC, and Comcast of Chicago, Inc.

1

(collectively, "Comcast") against AT&T Inc. for lack of personal jurisdiction.[1] In support of this Motion, AT&T Inc. states as follows:

1. On Sunday April 20, 2008, Comcast filed with this Court the Complaint naming AT&T Inc. as the third-party defendant. (Doc. 27.) The Complaint was served on AT&T Inc. on April 22, 2008. The Complaint asserts claims for violation of the Cable Communications Policy Act, trespass to chattels, negligence, and common law unfair competition. The Complaint also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Comcast is without liability for the claim brought against it by Illinois Bell Telephone Company d/b/a AT&T Illinois ("Illinois Bell").

2. Comcast's Complaint against AT&T Inc. should be dismissed because it fails to allege sufficient facts to establish a case for personal jurisdiction over AT&T Inc. under the Illinois long arm statute, 735 ILCS 5/2-209. Moreover, asserting personal jurisdiction over AT&T Inc. would also violate state and federal due process, because AT&T Inc. lacks the requisite minimum contacts with Illinois.

3. A more detailed explanation of the grounds for this Motion is set forth in the attached Memorandum in Support of AT&T Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Memorandum"), and the accompanying Declaration of Tom Koch ("Declaration"), both of which are incorporated herein by reference.

WHEREFORE, for all the reasons set forth herein and in the attached Memorandum and accompanying Declaration, the Court should dismiss the Complaint against AT&T Inc. in its entirety.

---

[1] AT&T Inc. filed its appearance with this motion challenging personal jurisdiction and its appearance should be understood as being for the limited purpose of challenging jurisdiction.

9173777

Dated: May 12, 2008

Respectfully Submitted

AT&T INC.

 /s/ Ranjit J. Hakim

Michael J. Gill
Ranjit Hakim
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
(312) 701-7711 – Facsimile
mgill@mayerbrown.com
rhakim@mayerbrown.com

3

9173777

## **CERTIFICATE OF SERVICE**

      I, Ranjit Hakim, an attorney, hereby certify that on May 12, 2008, a copy of the foregoing AT&T INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION was served via email and the Court's CM/ECF system upon all counsel listed below.

                                        /s/ Ranjit J. Hakim
                                        Ranjit Hakim

Thomas P. Jirgal
Douglas N. Masters
Julie P. Samuels
Loeb & Loeb LLP
321 N. Clark Street
Suite 2300
Chicago, IL 60610

4

9173777