

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BELL TELEPHONE d/b/a AT&T ILLINOIS,<br><br>    Plaintiff,<br><br>v.<br><br>COMCAST OF ILLINOIS III, INC., COMCAST CORPORATION, COMCAST CABLE HOLDINGS LLC, and COMCAST OF CHICAGO, INC.<br><br>    Defendants.<br><br>COMCAST OF ILLINOIS III, INC; COMCAST CORPORATION; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS,<br><br>    Counterdefendant,<br><br>and AT&T, INC.,<br><br>    Third-party Defendant. | Case No. 08 CV 1680<br><br>Honorable Elaine E. Bucklo<br><br>Magistrate Judge Martin C. Ashman<br><br><br><br>**FILED**<br>J.N<br>MAY X 9 2008<br>May 9 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## AGREED MOTION SEAL CONFIDENTIAL INFORMATION

Plaintiff and Counterclaim Defendant Illinois Bell Telephone d/b/a AT&T Illinois

along with Defendants and Counterclaimants Comcast of Illinois III, Inc., Comcast

1

Corporation, Comcast Cable Holdings LLC, and Comcast of Chicago, Inc. (collectively, "the Parties") make this agreed motion to seal confidential information for the following reasons:

1. On April 14, 2008, Plaintiff AT&T Illinois filed a motion for preliminary injunction against Defendants, raising issues relating to Comcast's advertising.

2. On April 20, 2008, Defendants and Counter-Plaintiffs Comcast filed its own motion seeking preliminary injunction against Counter Defendants relating to Counter-Defendants installation practices that Comcast alleges is causing interruptions to the services it provides to its customers.

3. The Court subsequently ordered each Party to file its response to the other's preliminary injunction motion on May 9, 2008. The Court has set a status hearing for May 13, 2008. The Parties anticipate that a hearing on the preliminary injunctions would then take place shortly thereafter.

4. In the intervening weeks, the Parties have been conducting expedited discovery relating to both preliminary injunction motions. Such discovery has necessitated the disclosure of highly confidential information. This information includes, among other highly sensitive information, trade secrets consisting of technical details of the Parties' respective networks by which each provides services to their customers, and confidential competitive business information such as marketing strategies and customer information (collectively, the "Confidential Information").

5. In preparing their responses to the pending preliminary injunction motions, the parties have incorporated the Confidential Information in their pleadings and have attached supporting exhibits to their pleadings also containing the Confidential Information (collectively, the "Responses").

6. The Parties have not disclosed publicly, and consider to be confidential, the Confidential Information contained in the Responses.

7. The Parties keep the Confidential Information included in the Responses confidential and disclose such information only on a limited basis. Each of the Parties has instituted internal procedures and has otherwise taken a variety of measures to keep such information confidential.

8. In the course of conducting expedited discovery in the case in advance of the hearing on each Party's respective pending motion for preliminary injunction, the Parties have operated according to the terms of a draft protective order that allows the parties to designate highly confidential and proprietary information as such. Under that agreement, the Parties have limited access to such designated information to outside counsel only. Although the Parties have not finalized the draft protective order, they have agreed to abide by this limitation on the disclosure of documents designated by the other as highly confidential pending the finalization of the protective order.

9. The Parties have consulted with each other regarding the need for this motion, and each agree that the relief requested in this motion is necessary and appropriate.

WHEREFORE, for the foregoing reasons, the Parties respectfully requests that its Agreed Motion be granted, and the Parties permitted to file their respective responses to the other's motion for preliminary injunction, including some supporting documents under seal.

Respectfully Submitted,
LOEB & LOEB LLP

Dated: May 9, 2008

____/Julie P. Samuels_____
Douglas N. Masters
Thomas P. Jirgal
Julie P. Samuels
321 North Clark St.
Suite 2300
Chicago, IL  60610
(312) 464-3100

Attorneys for Comcast of Illinois III, Inc., Comcast Corporation, Comcast Cable Holdings LLC, and Comcast of Chicago, Inc.

MAYER BROWN LLP

Dated: May 9, 2008

____/Ranjit J. Hakim_____
Michael J. Gill
Ranjit J. Hakim
71 South Wacker Dr.
Chicago, IL  60606
(312) 782-0600

Attorneys for Illinois Bell Telephone d/b/a AT&T Illinois and AT&T, Inc.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS BELL TELEPHONE d/b/a AT&T ILLINOIS,<br><br>    Plaintiff,<br><br>v.<br><br>COMCAST OF ILLINOIS III, INC., COMCAST CORPORATION, COMCAST CABLE HOLDINGS LLC, and COMCAST OF CHICAGO, INC.<br><br>    Defendants.<br><br>COMCAST OF ILLINOIS III, INC; COMCAST CORPORATION; COMCAST CABLE HOLDINGS LLC; and COMCAST OF CHICAGO, INC.,<br><br>    Counterclaimants,<br><br>v.<br><br>ILLINOIS BELL TELEPHONE, d/b/a AT&T ILLINOIS,<br><br>    Counterdefendant,<br><br>and AT&T, INC.,<br><br>    Third-party Defendant. | Case No. 08 CV 1680<br><br>Honorable Elaine E. Bucklo<br><br>Magistrate Judge Martin C. Ashman |

**[PROPOSED] AGREED ORDER TO SEAL CONFIDENTIAL INFORMATION**

5

THIS MATTER COMING TO BE HEARD upon the Agreed Motion of all parties; due consideration having been given to the pleadings filed by the parties, and this Court being fully advised in the premises, and for good cause shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Parties permitted to file their respective responses to the other's motion for preliminary injunction, including some supporting documents under seal.

DATED: _____   ENTERED:

_____
UNITED STATES JUDGE